**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| PATRICIA A. LEWIS, | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | No. 3:16-CV-2690-M |
| | ) | |
| MOUSER ELECTRONICS, ET AL., | ) | |
| **Defendants.** | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C.

§ 636(b) and a standing order of reference from the district court.  The Findings, Conclusions and

Recommendation of the Magistrate Judge follow:

I.

Plaintiff is proceeding *pro se* and has filed this complaint against Defendants alleging

employment discrimination.  After reviewing the complaint and the applicable law, the Court

concludes that this case should be transferred.

Plaintiff alleges she suffered employment discrimination at Defendants' workplace in

Tarrant County, Texas.  Plaintiff also resides in Tarrant County.  Tarrant County is located in the

Fort Worth Division of the Northern District of Texas.

Congress has recognized that substantial advantages may be gained by having the case

resolved in the court located nearest the site of the underlying controversy.  *Braden v. 30th*

*Judicial Circuit Court of Kentucky,* 410 U.S. 484, 497 (1973).  The terms of 28 U.S.C. § 1404(a)

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge**

provide that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  A court may transfer a case upon a motion or *sua sponte*.  *See* 28 U.S.C. § 1404.  The court has broad discretion in deciding whether to order a transfer.  *Caldwell v. Palmetto State Savings Bank of South Carolina*, 811 F.2d 916, 919 (5th Cir. 1987); *accord Mills v. Beech Aircraft Corp., Inc.,* 886 F.2d 758, 761 (5th Cir. 1989).

The incidents out of which Plaintiff's claims arise occurred within the Fort Worth Division of the Northern District of Texas. The records and potential witnesses would be readily accessible there, making the Fort Worth Division of the Northern District of Texas a more convenient forum.  *See Bell v. Watkins*, 692 F.2d 999, 1013 (5th Cir.  1982).

II.

For the foregoing reasons, the Court hereby recommends that this case be transferred to the Fort Worth Division of the Northern District of Texas.

Signed this 3rd  day of October,  2016.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner

provided by law.  Any party who objects to any part of this report and recommendation must file

specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. §

636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific

finding or recommendation to which objection is made, state the basis for the objection, and

specify the place in the magistrate judge's report and recommendation where the disputed

determination is found.  An objection that merely incorporates by reference or refers to the

briefing before the magistrate judge is not specific.  Failure to file specific written objections will

bar the aggrieved party from appealing the factual findings and legal conclusions of the

magistrate judge that are accepted or adopted by the district court, except upon grounds of plain

error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge**    Page -3-